Allaire *v.* Howell Works Company.

---

### ALEXANDER P. ALLAIRE v. THE HOWELL WORKS COMPANY.

The legislature by the act, entitled, "An act to prohibit the circulating or passing of
tickets" passed Feb. 16, 1831, never intended to prohibit a man from giving a

Allaire *v.* Howell Works Company.

due bill or other written evidence of a debt, or promise to pay a debt to his creditor, or an order on his own store, or factor, or on any body else for money or goods.

A party seeking to recover a penalty must shew a case clearly within the provisions of the statute.

What the legislature meant by the word "ticket," is to be gathered from the terms employed in the act.

The plaintiff, Alexander P. Allaire, brought an action of debt in the court for the trial of small causes against the defendants, to recover the sum of five dollars, being one penalty under the act, entitled, "An act to prohibit the circulating or passing of tickets," passed February 16th, 1831. On the return day of the summons, and after the filing of the statement of demand, the defendants pleaded, that the "plaintiff ought not to have and maintain his said action, because they say, that on the said first day of May, 1832, the said defendants were indebted to the said plaintiff, in the sum of two dollars, for services, before that time rendered them, and on the same day did deliver to him, the said plaintiff, the order on their store, signed, and of the contents as said plaintiff's state of demand set forth, as they had a legal right to do, and which said order was voluntarily received by the said plaintiff, and afterwards paid off, satisfied and discharged at the store of the said defendants, by the sale and delivery of goods to the amount, to the said plaintiff, by the said defendants, wherefore they pray judgment." On the day to which the cause was adjourned, the defendants did not appear, and the justice, after hearing the plaintiff, gave judgment for the defendants. The judgment is removed into this court by writ of certiorari.

*J. F. Randolph* for plaintiff in certiorari.

*D. B. Ryall* for defendants.

The opinion of the court was delivered by the Chief Justice.

HORNBLOWER, C. J. The plaintiff in certiorari, who was the plaintiff below, sued the defendants for a penalty of *five dollars*, under the act, entitled, "An act to prohibit the circulating or passing of tickets," passed the 16th Feb. 1831. The state of demand sets forth, that the defendants, on, &c. at &c. did issue and pass away to the plaintiff, with the intent and for the

purpose of paying off and discharging a certain debt before that time, and then due and owing to the plaintiff from the defendants, in lieu of the lawful currency of the state, and without first having obtained a law for that purpose, a certain ticket, signed by their president, and bearing date, &c. in the words following—" The Howell Works Company will pay Henry Clay, or bearer, on presentation, the amount of two dollars in goods, at their store "—contrary to an act, &c. ; by reason whereof, &c. the defendants put in a plea in writing, admitting that they did deliver to the plaintiff, to whom they were indebted in the sum of two dollars, an order, signed, &c., of the contents set forth in the state of demand, which was afterwards paid off at their store, by the delivery of goods to the plaintiff. The plaintiff admitted the truth of the defendants' plea, and thereupon the justice gave judgment for the defendants, with costs.    Whether the plaintiff was entitled to recover upon the case thus made, is the question for the consideration of this court.    A penal statute, taking away or abridging the right of individuals, to give or receive a written acknowledgment of a debt due, or promise to pay a debt, in money or goods, ought to be very plain and explicit in its terms ; and the party seeking to recover the penalty, ought to shew a case clearly and distinctly within the provisions of the statute.

The act was made to prohibit the circulating or passing of " tickets."    What the legislature mean by the word "tickets," or what kind of tickets, must be matter of construction, and be gathered from the terms employed in the act ; for the word " ticket " has no legal or other fixed and determinate meaning, so far as I know.    There are tickets of various descriptions and for various purposes, such as lottery tickets, play-house tickets, admission tickets, at public exhibitions or private parties, or to a seat in a stage, or for a passage in a steamboat, &c.    The instrument set out in the state of demand, is certainly not a ticket for any of the purposes just mentioned, nor is it what in the law merchant, or by any other law, would be known or described as a ticket, *eo nomine.*    It is what the law would consider a written evidence of a debt due, or promise to pay or deliver a certain amount in goods, at the store of the promissor.    If however, such a writing is a " ticket " within the meaning of the

statute, has such a use been made or attempted to be made of it, as the statute was intended to prohibit.   The language of the act, is, that it should not be lawful for any person or body corporate, to issue, pay away, pass, exchange or transfer any ticket of any denomination whatever, intended to circulate for the payments of debts, dues or demands, in lieu of, or as a substitute for bank notes or bills, or other lawful currency of the state.

The complaint is, that the defendants did issue this writing to the plaintiff, with the intent and for the purpose of paying off a certain debt, then due to him, in lieu of the lawful currency of the state, not with intent to circulate the same for the payment of debts, in lieu of or as a substitute for bank notes or other lawful currency of the state.

The defendants by their plea, say they gave the instrument to the plaintiff, as an order on their store, for two dollars worth of goods, in satisfaction of a debt due him, from them.   This plea was admitted to be true before the justice, and precludes the idea that it was put in circulation in lieu of or as a substitute for specie or other lawful currency.   The legislature never intended, that a man should not give a due bill or other written evidence of a debt, or promise to pay a debt to his creditor, or an order on his own store or factor, or on any body else for money or goods.   I am of opinion the judgment must be affirmed.

Judgment affirmed.